CLARK *against* VAUGHAN.

*Windham,*
October,
1819.

October 28.

The statute of limitations regarding lands, does not commence running until after the right of entry accrues. Therefore, where a feme-covert died seised of lands, and her husband thereupon became tenant by the curtsey, it was held, that the statute did not commence running against her heirs until after the death of such tenant.

Where several persons have a joint title to an estate, any one or more of them may sue, without joining the others, and recover against him who has no title.

The fact, that one tenant in common is in possession of the estate, claiming to hold it, by a deed covering the whole of it, is sufficient evidence of ouster, to support ejectment by a co-tenant.

THIS was an action of ejectment for one undivided seventh part of a piece of land in *Sterling.* The ouster was laid on the 30th of *October,* 1782. The plaintiff's action was commenced on the 30th of *July,* 1817.

The cause was tried at *Windham, January* term, 1819, before *Swift,* Ch. J. and *Brainard* and *Chapman,* Js.

Prior to the 29th of *March,* 1777, *John Harris* died, seised of a tract of land, including the demanded premises, leaving six children, viz. *Jonathan, John, Seth, Mary, Abigail,* and *Lydia,* the wife of *Benjamin Clark.* On that day, all of these, except *Lydia,* who was then dead, executed a deed of partition, aparting the whole tract. There was a clause in it, aparting the land in question " to *Benjamin Clark,* for the right of his late deceased wife *Lydia,* to hold and peaceably enjoy the same, in severalty, to himself and the said *Lydia's* children, their heirs and assigns, forever." *Benjamin Clark* had, before this time, removed to *London,* in the kingdom of *Great-Britain,* where he continued until 1816, and then died there. The plaintiff is one of the children of *Lydia Clark.* The parties to the deed of partition went into immediate possession under it, and occupied accordingly. The defendant was in possession of the demanded premises, and claimed title by virtue of a deed from the second *John Harris,* dated the 17th of *October,* 1782. On these facts, the court instructed the jury, that the plaintiff was entitled to recover; and a verdict was given accordingly. The defendant moved for a new trial, on the ground of a misdirection; and the court reserved the motion.

*Lanman* and *Judson,* in support of the motion, contended, 1. That the deed of partition, under which the plaintiff claim-

*Windham,*
*October,*
*1819.*

Clark
*v.*
Vaughan.

ed, was invalid, and no evidence of title, First, because all the persons interested in the estate were not parties to it. This defect is remedied, neither by the provision made, by those who were parties, for *Lydia Clark*, and her heirs, nor by the fact, that she and her heirs were incapable of being made parties. No title in severalty could be passed, by the deed of partition, to any one, without the act of all. Besides, the statute (*a*) admits of this mode of division, in those cases only, in which " all the parties interested" are " legally capable to act." Secondly, it does not appear, that " all the parties interested," who were " legally capable to act," were parties to the deed. This fact, so essential to the plaintiff's title, ought to have been submitted to the jury, in connexion with the deed. Thirdly, the deed was not acknowledged, accepted, and recorded, pursuant to the requirements of the statute.

2. That the plaintiff's title was barred by the statute of limitations, the defendant having had an adverse possession of more than fifteen years.

3. That the plaintiff, being one of several children of *Lydia Clark*, if he had any title, was tenant in common with them, and could not sue alone.

4. That if he could, still he could not recover, without proof of actual ouster, and a denial of his right. 1 *Swift's Syst.* 275.

*Goddard*, contra, contended, 1. That the plaintiff had a good title, by virtue of the deed of partition. It was executed by all the heirs of *John Harris*, the elder, except the children of *Lydia Clark*. They alone could object to its validity. But they have accepted it; and now claim under it. By such acceptance, it takes effect from the time of its execution. *Belden* & al. v. *Carter*, 4 *Day* 66. *Treadwell* & al. v. *Bulkley* & al. 4 *Day* 395. *Pray* v. *Pierce*, 7 *Mass. Rep.* 381. *Hatch* & al. v. *Hatch* & al. 9 *Mass. Rep.* 307.

(*a*) 1 *Stat. Conn. tit.* 60. *c.* 1. *s.* 13. " And the division of the estate shall be made by three sufficient freeholders, upon oath, or any two of them, to be appointed by the said court of probates; unless all the parties interested in any estate, being legally capable to act, shall mutually agree upon a division among themselves, and present the same in writing, under their hands and seals; in which case, such agreement shall be accepted and allowed for a settlement of such estate; and be accounted good and valid in law, being acknowledged by the parties subscribing, before such court of probates, or before an assistant or justice of the peace, and put upon record, in the records of said court."

2. That *John Harris,* the younger, and his assignee, the defendant, were estopped to allege any thing against that deed. *Co. Litt.* 352, *a.* *Com. Dig. tit. Estoppel. A.* 1, 2.

3. That the plaintiff was entitled to recover, independently of the deed of partition. If that deed did not exist, the defendant would take one undivided seventh part of the land in question, by virtue of his deed from *John Harris,* the younger. The plaintiff would take one undivided seventh part, as heir to his mother *Lydia Clark.*

4. That the plaintiff's action was not barred by the statute of limitations, as it was commenced within five years after his right of entry accrued. *Benjamin Clark* was tenant by the curtesy, until his death, in 1816 : the plaintiff's action was commenced in 1817.

HOSMER, Ch. J. I shall express no opinion on the validity of the deed of partition ; the objections made by the defendant, independent of this consideration, being, in my judgment, unavailing.

To the plaintiff's title it is first objected, that he is barred by the statute of limitations. It is a conclusive reply, that he had no right of entry until the death of his father, *Benjamin Clark,* in the year 1816 ; which was the year preceding the commencement of the plaintiff's action. The statute does not operate against a person to whom *neglect* is not attributable ; nor commence running until after his right of entry accrues. *Jackson* d. *Hardenberg* & al. v. *Schoonmaker,* 4 *Johns. Rep.* 390. *Jackson* d. *Beckman* v. *Sellick,* 8 *Johns. Rep.* 262.

It has been said, that the plaintiff is tenant in common with others of the property demanded by him ; and hence it is inferred, that he cannot recover. This objection has no solidity. Where several persons have a joint title to an estate, any one or more of them may sue, without joining the others, and recover against him who has no title. *Bush* & al. v. *Bradley,* 4 *Day* 298. *Barrett* & ux. v. *French,* 1 *Conn. Rep.* 354.

Lastly, it is contended, that the defendant is a tenant in common ; and that there has been no actual ouster. To this it may be replied, that he was in possession, claiming to hold the estate, by a deed covering the whole of it ; and this was sufficient evidence of his exclusive holding in opposition to

*Windham,*
*October,*
*1819.*

*Clark*
*v.*
*Vaughan.*

the plaintiff's demand.   Besides, the jury were authorized to find an actual ouster.

The other Judges were of the same opinion.

New trial not to be granted.