WILLIAM W. WHITE *vs.* ELISHA P. BECKWITH.

New London Co., May T., 1892. ANDREWS, C. J., CARPENTER, SEY-
MOUR, TORRANCE and FENN, Js.

If one tenant in common enters upon the common land and holds the ac-
tual, open and exclusive possession of it, claiming it as his own, the
entry and possession are necessarily adverse to the other tenants.

And where a tenant in common enters and occupies openly and exclu-
sively, under a deed purporting to convey the whole estate with war-
ranty, the legal presumption would be that he entered and held under
his deed as sole and exclusive owner.

But where the plaintiff claimed that he and his predecessors in title had
thus occupied certain land for over forty years, in which certain other
parties held a record title as tenants in common with them, and the
court below did not find such open and exclusive possession, but only
certain facts that tended to prove it, such as the situation and nature
of the property, the payment by the plaintiff and his predecessors in
title of all the taxes paid upon the land, and that no claim had ever
been made upon them in behalf of any one claiming an interest in it,
but also found that the plaintiff and his predecessors had made no use
whatever of the land during the whole period, it was held that there
was no legal presumption that the possession claimed was actual, open
and exclusive.

It was wholly for the court below to consider the evidence tending to
prove such open and adverse possession, and this court could not find
it on the evidence, nor consider whether the court below ought not to
have found it.

[Argued June 1st—decided June 30th, 1892.]

ACTION to recover possession of real estate ; brought to
the Superior Court in New London County, and tried to the
court before *Thayer, J.* Facts found and judgment rendered
for the defendant, and appeal by the plaintiff. The case is
fully stated in the opinion.

*S. Park,* for the appellant.

*W. C. Noyes,* for the appellee.

TORRANCE, J. This is an action brought to recover pos-
session of certain land in New London. The case was tried

to the court and judgment rendered in favor of the defendant.

From the facts found it appears that in 1828 the record title to the land was in William Handy, and that in 1837 the land was owned in common in the proportion substantially of one third and two thirds respectively by Rosalie Dunbar and Samuel Hurlburt. Samuel Hurlburt died in 1846, and the demanded premises were by his administrator conveyed by deed to Samuel Hurlburt, Jr. In 1849 Samuel Hurlburt, Jr., delivered to Lyman Allyn a warranty deed of the premises, and in 1873 Lyman Allyn sold the land to the plaintiff and delivered to him a like warranty deed thereof.

Rosalie Dunbar in 1837 and prior thereto was an insane person, and ever after remained insane until her death in 1870, intestate, and without having intermarried. Her heirs were an aunt, Ann Handy, and the four children of a deceased aunt, one Caroline P. Gold. Ann Handy died in 1889, intestate as to real estate, and her heirs were the four children of the deceased Mrs. Gold, so that in 1890 these four children, so far as the record title of the demanded premises is concerned, were owners of the premises in common with the plaintiff.

The land in question is bounded westerly upon a street as laid out on an old map of Winthrop's Neck, and extends easterly to the river Thames. The easterly side of the street was near the top of the river bank, " which at this point drops nearly perpendicularly for some ten or twelve feet and then shelves out to the water." Upon the land below the bluff and above high-water mark the defendant in the year 1890 entered and built a boat house, " claiming the premises in common with the plaintiff."

The defendant claims under three of the four Gold children as tenant in common, while the plaintiff claims to be the sole owner of the premises in fee. This suit was brought to eject the defendant from the premises.

So far as the record title to the demanded premises is concerned, it thus appears that the plaintiff is the owner of the right and title which Samuel Hurlburt had in 1837, while

the four Gold children are the owners of the right and title which Rosalie Dunbar had in 1837. The plaintiff however claimed in the court below that he and those under whom he claims had acquired title to the Dunbar share or interest by adverse possession, and upon this point in the case the court, in addition to the facts already stated, finds the facts as follows :—" No buildings had ever been erected upon the property in question prior to the erection of said boat house, and no business was ever carried on there by said Allyn or the plaintiff, and they never made any use of the property. No claim or demand has ever been made upon either of them in behalf of any one claiming an interest in said land. Said Allen always supposed that he had full title to said premises by virtue of his deed from Hurlburt, and the plaintiff since his purchase has supposed himself to be the absolute owner thereof. The plaintiff's residence is in Providence, and he employed one Starr, now deceased, formerly of New London, to look after the property. The plaintiff has paid all taxes upon the land since his purchase of the same. No taxes have ever been paid on the premises by the defendant or his grantors."

The plaintiff asked the court to hold that Lyman Allyn, by virtue of the warranty deed to him from Samuel Hurlburt, was to be presumed to have been in possession under claim and color of title up to the time of the transfer to the plaintiff, and that said Allyn was to be deemed to be well seised of the premises as a good indefeasible estate in fee simple at the time of his transfer to the plaintiff, and that his possession and that of the plaintiff was adverse to the various descendants of William Handy, who had the paper title to the undivided part of the land and under whom the defendant claimed.

The court refused to hold as requested and this is assigned for error on this appeal.

If the court below had found as a fact that Allyn and the plaintiff had entered upon the land under their respective deeds, and had held the actual possession of it from 1849 to 1890 openly and exclusively, claiming under their deeds,

then, as the plaintiff claims, it would have been a presumption of law from the nature of the deeds under which the possession began and was continued, that it was hostile and adverse to the other tenants in common.

If one tenant in common enters upon the common land and holds the actual and open exclusive possession of it, claiming it as his own, the entry and possession are necessarily adverse to the other tenants. So where one tenant in common enters and occupies openly and exclusively, under a deed purporting to convey the whole estate with warranty, his entry and possession will be referred to the title under which he entered and occupied. The legal presumption in such a case would be that he entered and held in conformity to his deed as sole and exclusive owner. *Clarke* v. *Vaughan*, 3 Conn., 191; *Newmarket Mfg. Co.* v. *Pendergast*, 24 N. Hamp., 69; *Kittredge* v. *Proprietors of Locks & Canals*, 17 Pick., 247.

As a mere statement of this principle of law the plaintiff's claim is correct. If the facts found had warranted the application of this principle then undoubtedly it would have been error to refuse to apply it. But the court has not found as a fact that Allyn and the plaintiff thus entered and occupied actually, openly and exclusively from 1849 down to 1890. It is true that it has found certain facts—such as the situation and nature of the property; the fact that the plaintiff and his predecessors in title have paid all taxes upon the land; the fact that no claim or demand had ever been made upon him or them in behalf of any one claiming an interest in the land; and the other facts heretofore recited from the finding; from the existence of which, if they had satisfied the mind of the trier, it was for him to find whether any entry had been made or possession taken and held under the deeds, and if so, whether such possession was actual, open, exclusive and hostile. The trier has not only failed to so find, but on the contrary has found that Allyn and the plaintiff made no use whatever of the premises from 1849 to 1890.

Now of this failure of the court to find as a fact that Al-

lyn and the plaintiff had entered under their deeds and had held the actual, open and exclusive possession of the land in question, the plaintiff does not here complain. What he does complain of is, that the court refused to apply the principle or presumption of law hereinbefore referred to, and this is all of which he does complain.

His claim, it will be remembered, was in substance and effect that if Allyn and the defendant entered after the delivery of their deeds and held, within the meaning of the law, the actual, open and exclusive possession of the premises from 1849 to 1890, the law presumed that such entry and possession was hostile and adverse to their co-tenants. This claim proceeds on the assumption that the court below has found, or ought as a matter of law to have found, that such an entry and possession were in fact made and held in the case at bar. Now clearly the court has not so found, as we have seen, and it is just as clear that the question whether it ought to have so found is not a question of law and is not now before the court.

It thus appears that the principle or presumption of law of which the plaintiff claimed the benefit in the court below, was not applicable to the facts as found, and that the court did not err in refusing to apply it.

There is no error apparent upon the record.

In this opinion the other judges concurred.