ENNIS N. SEARLES *vs.* EDWARD S. DeLADSON ET UX.

Third Judicial District, New Haven, June Term, 1908.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

In this State, a mistaken belief entertained by one who enters upon land and continues in possession thereof, that he is in fact its lawful owner, does not render his holding, if otherwise adverse, subservient to the true title.

Such entry and possession constitute an ouster of the real owner, and his deed of the land to a third person, while so ousted, is therefore void under § 4042 of the General Statutes.

Submitted on briefs June 3d—decided August 3d, 1908.

ACTION in the nature of ejectment, brought to and tried by the Court of Common Pleas in New Haven County, *Bennett, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiff. *No error.*

*Henry F. Parmelee* and *Seth W. Baldwin*, for the appellant (plaintiff).

*E. P. Arvine* and *William F. Alcorn*, for the appellees (defendants).

THAYER, J. It appears from the finding that on July 2d, 1898, Frank P. Clark, the predecessor in title of the plaintiff, and Wallace E. Clark, the predecessor in title of the defendants, owned adjoining lots of land, known respectively as lot four in block five and lot one in block one on a map of building lots at Morris Cove in New Haven. Prior to that date a house had been built upon lot one, one corner of which extended westerly across the line between the two lots and occupied the land here in controversy— a small triangular section of lot four. Prior to that time the house and the land upon which it stood had been in the actual, open, notorious and exclusive possession of the predecessors in title of the defendants, who had taken the rents and profits thereof to themselves under a claim of ownership, and in the belief that the same were situated within the boundaries of lot number one. On July 2d, 1898, a quitclaim deed was given by Frank P. to Wallace E. Clark of a triangular piece of land adjoining and extending the entire length of the westerly boundary of Wallace E. Clark's lot. In negotiating and making this conveyance it was the expressed intention of both parties to the deed to establish a line between their properties which should so run as to leave the house and the land on which it stood on Wallace E. Clark's side of the line, and both parties believed that the deed did establish a line between their properties running to the west of the land covered by the house and clearing the same. Whether it did so in fact the court does not find, but assumes, in accordance with the plaintiff's claim, that it did not. After the deed was given, Wallace E. Clark remained in possession of the house and the land covered thereby, claiming to own the same, and taking the rents and profits thereof until July

3d, 1900, when he conveyed the premises, with the house thereon, to the defendants, and they took possession thereof. At this time both said Wallace E. Clark and the defendants were ignorant that the house projected over the boundary line, but believed that it stood wholly upon the land of Wallace E. Clark; and the defendants bought the premises and occupied the same in the belief that the land covered by the house was a part of the land purchased by and conveyed to them. Since July 3d, 1900, they have remained in open, actual, and notorious possession of said house and the land covered thereby, claiming to own the same, and taking the rents and profits thereof. On May 1st, 1905, while the defendants were so in possession of the land in controversy, Frank P. Clark delivered to the plaintiff a warranty deed of the land now claimed to belong to the plaintiff, and, as claimed by the plaintiff and assumed as a fact by the court, of the land in controversy.

Upon these facts the court ruled that in so far as the deed purported to convey the land in controversy to the plaintiff, it was void under the statute against the sale of pretended titles. General Statutes, § 4042. The correctness of this ruling is the only question presented by the appeal.

It is the plaintiff's claim that at the time he received his deed, his grantor, Frank P. Clark, upon the facts found, was not ousted of the land in controversy by the entry and possession of the defendants, that entry and possession being under a mistaken belief as to the true boundary line between them and Clark. The claim is, that to make the possession adverse and constitute an ouster there must be an intent to disseize the owner, and that the belief that they owned to the line to which they occupied negatives such an intent, and their occupation will therefore be presumed to be in subordination to the title of the true owner. There are authorities which sustain this view. We had occasion to examine the question here presented in the case of *French* v. *Pearce*, 8 Conn. 439, where a similar claim was made. After a consideration of the author-

ities it was there held, following the earlier case of *Bryan v. Atwater*, 5 Day, 181, and cases in other jurisdictions, that to render possession adverse it was not necessary that it should be with a wrongful intent to disseize the true owner, or accompanied with a denial of his title or with a claim of title in the person entering; and that where a person enters and takes possession of land as his own, taking the rents and profits to himself and managing with it as an owner manages with his own property, the possession is adverse and a disseizin. The very act is held to be an assertion of his own title and thus equivalent to a denial of the title of all others, and it does not matter that he was mistaken and that had he been better informed he would not have entered on the land. This has since been adhered to as the law in this State and still has our approval. There is no necessity, therefore, for a discussion of the arguments advanced by the plaintiff and the cases which he cites, by which a different view is claimed to be sustained.

The court correctly held that the plaintiff's grantor was ousted of the land upon which the defendants' house was situated at the time he gave the plaintiff the deed under which he claims title. The deed, therefore, so far as it purports to convey the land in controversy was void under § 4042 of the General Statutes, and the plaintiff failed to prove that he had a cause of action against the defendants. Judgment was properly rendered against him.

There is no error.

In this opinion the other judges concurred.