HAGOP D. HAGOPIAN *v.* JOHN SAAD ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued March 1st—decided May 5th, 1938.

 

*Samuel B. Harvey,* with whom was *Harry E. Back,* for the appellants (defendants).

*Telley E. Babcock,* for the appellee (plaintiff).

JENNINGS, J. The defense to this statutory and common law action for the wrongful cutting of trees was a claim on the part of the defendants that they had title to and possession of the land on which the trees stood. The claim of title was carefully analyzed and clearly set forth in the finding but the facts necessary to a determination of this appeal are comparatively simple. The controversy arises over the legal conclusions to be drawn from those facts.

On April 2d, 1912, Asdoor, Varten, Madiros and Anna Mardirosian were tenants in common of a tract of land in Scotland and Canterbury, title to which they had obtained by various conveyances. On that day they executed "An article of agreement between [themselves] to the division of their farm, with the buildings thereon." The section set off to Asdoor was there accurately and minutely described. The others continued as tenants in common of the balance of the farm. One was to "own," one to "have" and still other portions were to "belong" to the several parties. No other words of conveyance or of general inheritance were used. This instrument was executed and recorded like a deed of land, except that one signature was neither witnessed nor acknowledged. The only possible intent deducible therefrom is that Asdoor was to own his portion of the property in fee.

Asdoor entered into possession of his portion of the farm, which included the wood lot in question, and on July 25th, 1916, deeded it to the plaintiff, his son. Asdoor continued to occupy these premises as tenant of the plaintiff until his death in 1933. Although attacked in this respect, the finding that Asdoor and the plaintiff possessed and occupied this land adversely from 1912 must stand. The finding is that "Asdoor entered into possession and claimed as owner in sole right and fee simple the lands set off to him and thereafter possessed, occupied and enjoyed the same, in continuous, open, exclusive and adverse manner" and that this possession was continued by the plaintiff after the conveyance to him, without molestation, until the cutting of the trees.

Subsequently Asdoor acquired by deed the interests of Varten, Mardiros and Anna Mardirosian and on June 25th, 1929, deeded the entire farm to William McNichol. McNichol deeded to Baker on June 7th, 1932, and Baker to the defendants on October 29th, 1936. All of the instruments described were duly witnessed, acknowledged and recorded.

Among the claims of the plaintiff was that of title by adverse possession. This was not the basis of the trial court's decision but it was fully met and briefed by the defendants. As indicated, the intention of the parties was to give absolute title to Asdoor of the portion set to him by the agreement of April 2d, 1912. Even if this did not clothe him with the legal title, it gave ample color of title on which to found a claim of adverse possession. To secure title by adverse possession by a tenant in common, his possession must be adverse not only to the world at large but to his cotenants. *White* v. *Beckwith*, 62 Conn. 79, 82, 25 Atl. 400; *Lucas* v. *Crofoot*, 95 Conn. 619, 625, 112 Atl. 165. This condition is satisfied by the execution by them

of the original agreement and by their continued acquiescence in the resulting occupation. 1 Am. Jur. 828, § 56; 7 R. C. L. 845 et seq. The plaintiff's possession, being co-terminous with the description in the deed, is referable to the deed under which he holds and is limited thereby. *Lucas* v. *Crofoot,* supra, 624. A wrongful intent to disseize the true owner is not a necessary element of adverse possession. *Searles* v. *DeLadson,* 81 Conn. 133, 136, 70 Atl. 589. A co-tenant may acquire a portion of the tract held in common by adverse possession. *Stevenson* v. *Anderson,* 87 Ala. 228, 232, 6 So. 285; *Carpentier* v. *Webster,* 27 Cal. 524, 548. See also *Newell* v. *Woodruff,* 30 Conn. 492. The plaintiff's title by adverse possession was complete in 1927, long before the trespass by the defendants and even before the deed (1929) under which they claim title.

Since the plaintiff had a clear right of possession, his judgment could be sustained on that ground alone. Title is put in issue under the pleadings, however, and it has therefore seemed advisable to us to dispose of the question.

There is no error.

In this opinion the other judges concurred.