PETER C. LOEWENBERG ET AL. *v.* MINNIE S. WALLACE
ET AL.

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued January 9—decided January 28, 1964

*Jay W. Jackson,* for the appellants (plaintiffs).

*John D. LaBelle,* with whom, on the brief, were *Seymour A. Rothenberg* and *Richard C. Wood-house,* for the appellees (defendants).

KING, C. J. This is a statutory action to clear title to a triangular strip of land having a base of about five feet on the south side of Brown Street in East Hartford. The base is coincidental with the westerly portion of the front line of the plaintiffs' lot 133 and the westerly side line of the strip is coin-

cidental with the westerly boundary line of that lot, which line is also the easterly boundary line of the defendants' lot 132, as that boundary line appears of record and on a map. A judgment for the plaintiffs on a previous trial was set aside, and a new trial was ordered, in *Loewenberg* v. *Wallace,* 147 Conn. 689, 166 A.2d 150. Further facts are set forth in that opinion.

On the retrial, the court found that the defendants, since they acquired lot 132 in 1937, had been in adverse possession of the triangular area under the belief that the easterly boundary of their lot was coincidental with, and marked by, a fence which has continuously formed the east side of the triangular strip.

The court further found that the plaintiffs' grantor had already been ousted of possession of this triangular strip when she executed and delivered the plaintiffs' deed of acquisition to lot 133 in 1956. The court concluded that the plaintiffs' deed was void, under our statute, as to the triangular strip and that the plaintiffs had failed to prove any title thereto in themselves. *Loewenberg* v. *Wallace,* supra, 693, 694, and cases cited therein.

The judgment in effect found all issues for the defendants. More specifically, it found that the plaintiffs had no interest of any kind in the triangular strip and that the defendants had, by adverse possession, acquired absolute title thereto. *Loewenberg* v. *Wallace,* supra, 698. From that judgment this appeal is taken.

The fundamental claim of error of the plaintiffs is founded on certain testimony of one of the defendants to the effect that the defendants were claiming to the fence because they thought that that was the true east line of their property as described in their

deed of acquisition and that they intended to claim only what that deed purported to give them. From this the plaintiffs argue that now that it has been discovered, apparently from a survey which the plaintiffs had caused to be made after their purchase of the lot, that the description in the defendants' deed does not include the triangular area and that it is included in the description in the plaintiffs' deed, the intent requisite for acquisition by the defendants of title to that area, by adverse possession, is lacking.

It is true that possession, even though exclusive, if it is with the consent or license of the owner, cannot constitute an adverse possession as to him or ripen into a title against him. *Bridgeport Hydraulic Co.* v. *Sciortino,* 138 Conn. 690, 695, 88 A.2d 379; *Stevens* v. *Smoker,* 84 Conn. 569, 574, 80 A. 788; see also *Loewenberg* v. *Wallace,* supra, 699. But an exclusive possession, if it is without the consent or license of the owner, will result in the acquisition of title by adverse possession when it extends over a marked and readily visible area—in this case clearly bounded by the fence—if the other requisites of acquisition of title by adverse possession are established. This is true notwithstanding the fact that the adverse possessor acted under an honest belief that he was not assuming a possession to which he was not legally entitled, and that that belief ultimately proves to have been a mistaken one.

The defendants' intent, which was carried out, was to maintain an exclusive possession over the triangular area up to the fence, which they treated as the boundary between the two adjoining lots. It was immaterial that that intent was not wrongfully motivated, but sprang from an honest, even though mistaken, belief as to the land embraced in their

deed of acquisition. The plaintiffs' argument confounds the intent exclusively to possess with the belief inducing that intent. *Ahern* v. *Travelers Ins. Co.,* 108 Conn. 1, 5, 142 A. 400; *Stevens* v. *Smoker,* supra, 575; *Searles* v. *DeLadson,* 81 Conn. 133, 136, 70 A. 589; *Layton* v. *Bailey,* 77 Conn. 22, 28, 58 A. 355; *Johnson* v. *Gorham,* 38 Conn. 513, 520; *French* v. *Pearce,* 8 Conn. 439, 443. "The very act [of taking adverse possession to the exclusion of others] is held to be an assertion of . . . [the possessor's] own title and thus equivalent to a denial of the title of all others, and it does not matter that he was mistaken and that had he been better informed he would not have entered on the land." *Searles* v. *DeLadson,* supra. Our rule, in this respect, appears to be in accord with that "[i]n a growing number of jurisdictions". Note, 80 A.L.R.2d 1171, 1183. Indeed, any other rule would frequently limit the acquisition of title by adverse possession to those who "deliberately set out to steal" the land of another. Id., 1174.

There is no error.

In this opinion the other judges concurred.