On August 3, 1977, the plaintiff purchased two parcels of land on Terrace Road, Milford, from the named defendant husband and his defendant wife. The instruments of conveyance were standard form warranty deeds and contained the customary covenants that the grantors were well seized of the premises and had good right to bargain and sell the same, and that the property was free of all unstated encumbrances.
On March 9, 1938, the town of Milford and The Morningside Association had obtained title to the *Page 617 
Terrace Road land in dispute by virtue of a joint foreclosure of tax liens. The town of Milford received an undivided 12112/12510 interest in the property and The Morningside Association acquired the remainder, an undivided 398/12510 interest. Thereafter, the town of Milford transferred its interest in the property to the defendants who thereafter conveyed it to the plaintiff. The undivided fractional interest in the property acquired by The Morningside Association in its tax foreclosure was overlooked by the parties to those real estate transfers.
The plaintiff subsequently discovered that he had not purchased the entire fee simple estate in those lots. The plaintiff subsequently obtained The Morningside Association's interest in the property for the consideration of $308.05, plus attorney's fees and costs of conveyance tax and recording totaling $608.
The plaintiff then instituted the present action claiming breach of the covenants contained in the warranty deeds from the defendants on the basis of the outstanding 398/12510 interest held by The Morningside Association. The defendants denied that title to the premises was flawed and claimed by way of special defense that the interest of The Morningside Association was extinguished through application of the doctrine of adverse possession.
The court found that The Morningside Association, by its joint tax foreclosure with the town of Milford, had obtained an undivided 398/12510 interest in the property which it never conveyed to the defendants.
It further found that the defendants had not proved an intention to possess adversely to the association. Since the defendants failed to convey good and marketable title to the plaintiff, the court concluded that the defendants breached the warranties contained in the deeds to the plaintiff. Judgment was rendered for the plaintiff to recover $2608, representing the payment to The Morningside *Page 618 
Association and legal fees incurred to obtain clear and marketable title to the property.
The named defendant argues on appeal that the trial court erred for the reason that the apparent interest shown on the land records in The Morningside Association does not constitute a breach of the covenant against encumbrances and, further, that the trial court erred in concluding that the claim of adverse possession had not been proved. We do not concur.
While it is correct that the presence on the land records of an apparent interest in real property which is in reality void does not constitute a breach of any covenant in a warranty deed; Reed v. Stevens, 93 Conn. 659, 663,107 A. 495 (1919); such a proposition is inapplicable to the present case. The court here concluded that the interest of The Morningside Association shown on the land records was not void, but was valid and outstanding.
The named defendant's sole claim to the extinguishment of The Morningside Association interest in the property is based on adverse possession. "The essential elements of an adverse possession sufficient to create a title to the land in the adverse possessor are that the owner shall be ousted of possession and kept out uninterruptedly for a period of fifteen years, by an open, visible, and exclusive possession by the adverse possessor, without the license or consent of the owner." Robinson v. Myers, 156 Conn. 510,517, 244 A.2d 385 (1968), quoting Stevens v. Smoker, 84 Conn. 569, 574, 80 A. 788 (1911).
"An ouster is a wrongful dispossession or exclusion of a party from real property, who is entitled to the possession. Like all other wrongful acts, it involves a question of intent." Newell v. Woodruff 30 Conn. 492, 497 (1862). *Page 619 
"[A]ctual intent implies actual knowledge, and there can be no wrongful dispossession or wrongful exclusion, no adverse intent and adverse holding, where one is in the enjoyment of that which he honestly supposes is his, and has no knowledge that any other person has, or claims to have, a right to participate in the possession of it." Newell v. Woodruff supra, 498.
The named defendant admits that he and his wife thought that they owned the entire property. In his brief he states that "[t]his is not a situation where the co-tenants in possession knew of the other co-tenant." This being the case, there cannot be the intent required for adverse possession of the co-owner's interest.
 There is no error.
In this opinion BIELUCH and SPADA, Js., concurred.