SAMUEL J. PALETSKY *v.* MILDRED PALETSKY ET AL.
(2109)

DUPONT, C.P.J., HULL and SPALLONE, Js.

Argued January 16—decision released April 23, 1985

*William A. Conti,* for the appellants (defendants).

*Charles F. Brower,* for the appellee (plaintiff).

DUPONT, C.P.J. The sole issue presented by this appeal,[1] as framed by the defendants,[2] is whether title by adverse possession can be acquired where the claimant entered into possession under the mistaken belief that he owned the property. This was an action to quiet and settle title to a piece of land adjoining the plaintiff's home. The plaintiff alleged and the trial court found title by adverse possession.

[1] This appeal was originally filed in the Appellate Session of the Superior Court. General Statutes § 51-197a (c).

[2] The defendants are Bernard Paletsky and his wife, Mildred Paletsky, to whom he later conveyed the disputed land.

The predecessor in title of both the plaintiff, Samuel Paletsky, and the defendant Bernard Paletsky was their father, Isidore Paletsky. Prior to 1949, the plaintiff's father had conveyed two pieces of land to him. In 1949, at his father's request, the plaintiff conveyed a portion of that land to the defendant Bernard Paletsky. In return for transferring that land to the defendant Bernard Paletsky, the plaintiff claims that he was to receive a deed to the land in dispute. Simultaneously with the plaintiff's conveyance to the defendant Bernard Paletsky, their father also conveyed a piece of property to him. A description of that property provided that it was bounded by land "transferred this day" to the plaintiff. No deed, however, transferring this land to the plaintiff was ever recorded.

The defendants do not dispute the trial court's finding that the plaintiff had visible, open, and exclusive possession of the property uninterruptedly for fifteen years. Instead, they apparently challenge the trial court's finding that the exclusive possession was under a claim of right without the consent of the owner, the other element necessary to establish adverse possession. *Clark* v. *Drska,* 1 Conn. App. 481, 485, 473 A.2d 325 (1984).

This issue, in a different factual context, has been considered by our Supreme Court. *Loewenberg* v. *Wallace,* 151 Conn. 355, 197 A.2d 634 (1964); *Ahern* v. *Travelers Ins. Co.,* 108 Conn. 1, 5, 142 A. 400 (1928); *Searles* v. *DeLadson,* 81 Conn. 133, 70 A. 589 (1908). A mistaken belief by the adverse possessor that he owned the property when he entered into possession has been held to be immaterial in an action for title by adverse possession, as long as the other elements of adverse possession have been established. Id., 135–36.

The cases herein cited involved the ordinary boundary dispute where one of the parties mistakenly believed that a deed conveyed the disputed area to him.

The defendants argue that this line of authority is inapposite because here the plaintiff's claim is not grounded on a recorded deed but rather on a belief that such a deed existed. There is no significant distinction between the two factual predicates. A mistaken belief of ownership does not make title by adverse possession impossible; the intent to possess land exclusively cannot be confused with the reason for the belief which induced that intent. *Loewenberg* v. *Wallace,* supra, 358.

The defendants correctly point out that where a cotenant attempts to dispossess the other cotenants, an actual intent to exclude the others is required. *Newell* v. *Woodruff,* 30 Conn. 492 (1862); *Diamond* v. *Boynton,* 38 Conn. Sup. 616, 458 A.2d 18 (1983). Cotenants hold undivided interests in the property and possession by one is presumed not to be adverse to any other cotenant. *Ruick* v. *Twarkins,* 171 Conn. 149, 157, 367 A.2d 1380 (1976). To overcome that presumption, a cotenant must show actions whereby the intent to disseize is clear and unmistakable. Id.

The present case, however, does not involve cotenants, but two adjoining landowners, one of whom entered into possession of land believing that he had the right to exclusive possession. The authority cited by the defendants is therefore inapposite. The plaintiff's exclusivity of possession is rendered no less exclusive because he mistakenly believed that such right was his.

There is no error.

In this opinion the other judges concurred.