[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON AMENDED COMPLAINT
In this action, the Plaintiff is asserting rights to land by adverse possession, monetary damages, injunctive relief and such other equitable relief the court deems appropriate. The Defendant, by counterclaim, seeks similarly a determination of the rights of the parties regarding encroachments of the chimney, a clothesline pole and parking area into or on the Defendant's land.
The Plaintiff (hereinafter Placa) acquired the premises known as 18 Woodhouse Avenue, Wallingford, Connecticut, on April 3, 1985 from his aunt, Mary G. DelSanto (hereinafter DelSanto). The property had been in the family since 1928, Placa's grandfather having conveyed it to his daughter, DelSanto.
A party claiming title by adverse possession by virtue of tacking (i.e., combining a predecessor in title's use with the claimant's in order to meet the fifteen year requirement) must prove that the predecessor in title's use was adverse. Marquis v.Drost, 231 A.2d 527, 529, 155 Conn. 327 (1967).
Placa's property is shown on a map (Exhibit B) as Lot #39 [delineated in green]. The Defendant (hereinafter Ahern) is the owner of Lots #37 and #38 (Exhibit A). Ahern also acquired title to Lots #1, #2, #3 and #4 (Exhibit A). Ahern's property is delineated in yellow (Lots #1, #2 and #38), blue (Lot #3) and pink (Lots #37 and #4). Over periods of time later to be discussed, Ahern developed properties for commercial use surrounding Placa's CT Page 5214 property (see Defendant's Exhibit 1).
The Defendant has provided the court with a map entitled "Property Survey for Donald Ahern East Center Street Woodhouse Avenue and Harrison Avenue" (hereinafter referred to as Defendant's Map), which the court is attaching herewith for discussion of the issues involved in this case.
Placa is claiming ownership by virtue of adverse possession of the following portions of the Defendant's property:
 a) ten (10) feet between the edge of the pavement and his northerly boundary. (See area colored orange on the attached copy of Defendant's Exhibit). This area was referred to as the ten-foot buffer area at several points during the testimony. This property is a portion of Lot #38 (part of the yellow parcel on Plaintiff's Exhibit B).
 b) an approximately 50' X 57' parcel between Lot #39 and property now owned by Dime Savings Bank of Wallingford. (See area colored purple on the attached copy of Defendant's Map). This area includes the paved parking area testified to by the Plaintiff. This property is a portion of Lot #37 (part of the pink parcel on Plaintiff's Exhibit B).
 c) the clothesline pole located within the so-called ten-foot strip. (See area marked with red arrow on the attached copy of Defendant's Map.) This pole is located in a portion of Lot #38 (the yellow parcel, Exhibit B); and
 d) a portion of a chimney that encroaches into 50' X 57' parcel. (See area marked with green arrow on attached Defendant's Map.)
Defendant argues that the court must first determine in which party record title lies and then decide whether adverse possession has divested the record owner of title. Clark v. Drska,473 A.2d 325, 330, 1 Conn. App. 481 (1984).
Ahern established he is the record title owner of the property in dispute. For purposes of this case the court finds that whatever rights DelSanto had are tacked onto Placa. CT Page 5215
In a case asserting adverse possessory rights to land it is the claimant's burden to prove.
a) the owner of record must be ousted from possession;
 b) said ouster must continue uninterrupted for a period of fifteen (15) years;
 c) possession must be open, visible and exclusive by the claimant;
d) possession must be under a claim of right;
 e) possession must be with the intent to use the property as the claimant's own; and
 f) possession must be without the consent of the owner of record.
The Defendant testified and argues that Ahern had submitted a number of applications for variances and zoning appeals in which he gave notice to DelSanto demonstrating that the property over which Placa now makes claim was his property and that DelSanto never opposed the application.
Ahern testified that an application for a zone change that he and Dime Savings, which own the premises now as delineated in purple on the Defendant's map, asserted his title over the parking area used by Placa. DelSanto never opposed that claim of title to the parking area. Ahern further testified that the parking area was allowed when a relative of DelSanto, "Cape DelSanto, who although was not the title owner to lot 39, was given permission to use this area." Ahern argues that since he gave consent to use the area for parking, the 50' X 57' between lot #39 and property now owned by Dime Savings Bank, that adverse possession cannot ripen into a title against him. See Lowenberg, 197 A.2d 634, 151 Conn. 355
(1964).
Placa argues that Ahern never gave permission to DelSanto or Placa for the use of the driveway to defeat his claim that the driveway, 50' X 57', was not adversely held. Placa asserts that any conversations had before between some person other than the owners cannot defeat his claim for possessory rights to the driveway. It is clear from the evidence that DelSanto and Placa CT Page 5216 exercised rights to the driveway openly under a claim of right and used same as their own for the requisite fifteen years. Placa and his predecessor in title maintained and cared for the driveway. The court concludes the use of the parking area only, the 50' X 57', was not with consent to the owners DelSanto and Placa. Accordingly, as to the parking area only, the court finds in favor of the Plaintiff. Further, since the chimney encroachment, built in 1930, lies within the same area (see Defendant's Map), judgment in favor of the Plaintiff as to the chimney encroachment is entered.
As to the buffer zone area and the clothesline, the court concludes differently as to this ten-foot wide strip of land that runs along the northerly boundary of Placa's lot #39, between lots #37 and #38.
The clothesline pole was put into the buffer zone strips in 1973 extended from that point to Placa's house (see Defendant's Map, red arrow).
Placa testified that he put up a fence in the buffer zone which was torn down by Ahern. Placa demanded that the fence be put back up. Ahern replaced the fence with bushes where the fence was before.
Ahern applied to build stores on property he acquired (lot #38) which abuts lot #39 on December 20, 1967 (see Exhibit 4). A variance was granted with a buffer strip between Ahern's commercial development and Placa's residential property. In order to do the commercial development he was compelled to remove a house and garage. A stone driveway led up to the garage which now constitutes a part of the parking area now used by Placa. The court has decided the issue of the parking area supra. Notice of the proposed application in 1967 was given to DelSanto who did not appear to assert any rights to the strip area now in controversy. The application for development was approved with a buffer zone requirement. Ahern did not object to clothesline pole being placed on the property because it was in the buffer zone strip. Ahern pays taxes on land which includes the buffer strip. Ahern testified the fence was in terrible condition so he planted shrubs in place one foot off his property line and left the buffer zone in place.
Based upon all the credible evidence the buffer zone was a town requirement. CT Page 5217
Merely because Placa exercised control over the buffer zone strip with the fence does not rise to give title to such strip under the doctrine of adverse possession. The absence of a dispute as to the ownership of the buffer strip zone does not constitute open and notorious use to ouster the record title owner. Barrs v.Zukowski, 169 A.2d 23, 148 Conn. 158 (1961). There is no claim of right to the buffer zone strip since the strip was there under the zoning approval. Ahern was never ousted or turned out of possession of the buffer zone strip so as to vest title into Placa.
Accordingly, judgment shall enter in favor of the Defendant as to the ten-foot wide strip that runs between lots #37 and #38.
The clothesline pole is ordered removed.
Judgment in favor of the Plaintiff as to the paved parking area only, i.e. the 50' X 57' area outlined in purple on Defendant's Map which includes the one inch chimney encroachment.
Frank S. Meadow State Trial Referee
[EDITORS' NOTE: THE MAP IS ELECTRONICALLY NON-TRANSFERRABLE.]