*Windham,*
July, 1851.

Comins
*v.*
Comins.

In this opinion the other judges concurred.

Judgment for the plaintiff.

———◆◆◆———

WALDO COMINS, executor of *Josiah Comins, against*
SIMON D. COMINS.

Where it appeared merely, that the defendant had been in possession of the land in question, by virtue of a parol gift from the owner; it was held, that his possession was to be deemed constructively to have been in subordination to the legal title, and therefore under, and not adverse to, such owner.

But where it further appeared, that to the possession of the defendant was superadded the fact, that it was exercised by him under a claim of title in himself; it was held, that this fact rebutted the presumption that he occupied under the owner, or any other person, and shewed, therefore, that the possession was adverse.

An entry and possession, by a party, under a claim of title in himself, by virtue of a void grant, whether by parol or otherwise, is not less adverse, than if possession were taken and held, without any colour of title whatever.

Where the question between the parties was, whether the defendant had been in adverse possession of the land in controversy, involving two enquiries, first, whether the acts of the defendant on the land were such as properly to constitute a possession by him, and secondly, if they were, whether such possession was, in its character, adverse to the owner; it was held, 1. that acts of the owner, regarding the management and care of the premises, with his declarations accompanying such acts, as to what he had done or intended to do upon or with the premises, were admissible upon the subject of enquiry; 2. that other declarations of the owner, which accompanied no act of his, being mere statements of what he had done, or intended to do, respecting the premises, were inadmissible.

THIS was an action of ejectment for a barn-yard and the barn and carriage-house thereon standing, in the town of *Thompson.*

The cause was tried, on the general issue, at *Brooklyn, January* term, 1851.

On the trial, the plaintiff claimed to recover the seisin and

*Windham,*
*July, 1851.*

Comins
*v.*
Comins.

possession of the barn-yard and buildings standing thereon, mentioned in the declaration; claiming title as executor of the last will and testament of *Josiah Comins,* who, it was ad. mitted, was, in 1833, the owner of a farm of about eighty acres, with a dwelling-house and other buildings thereon, and of which, the demanded premises constituted a part; and that he so continued to be the owner thereof, up to the time of his death, in *May,* 1849; unless the defendant had acquired title, by fifteen years, adverse possession. The defendant claimed and offered evidence to prove, that in the spring of 1833, *Josiah Comins,* the father of both the parties, gave the barn and yard to him, the defendant, to induce him to remain in *Thompson,* and not move out of the state, as he was then intending to do; that immediately thereafter, he went into possession of said barn and yard, repaired the barn, and used the premises as his own, from that time to the commence. ment of this suit, a period of more than fifteen years; during all which time he claimed, that he had exclusively occupied the premises as his own, adversely to said *Josiah Comins* and all others; and thereupon he claimed, that such use was a bar to the plaintiff's recovery.

The plaintiff claimed, that, as it was admitted, that the de fendant entered under a parol gift, and not under any deed or instrument in writing, such an entry was in subordination to the title of the true owner, and was not adverse; and that by his remaining in possession under such entry, he gained no title, although he had been in possession for a period of more than fifteen years: and so he requested the court to charge the jury.

On this point, the court charged the jury, that the case depended upon the character of the defendant's possession; that in order to gain a title by possession, his possession must have been adverse, exclusive and uninterrupted, for the period of fifteen years; that by adverse possession was meant a possession as owner, under such circumstances as evinced a claim of right, and not as a mere occupier, by the sufferance or permission of the owner; that he must have possessed it, as in his own right, and not by the license of the owner; that if he occupied as owner, because his father gave him the property, that was enough; but if he occupied it merely because his father permitted him to use it, that was not enough;

and that if he went in, or held the property as his father's, his possession was not adverse.

During the trial, many acts of said *Josiah* and declarations of his accompanying them, were introduced by the plaintiff, for the purpose of rebutting the defendant's claim of adverse possession. Such of his declarations as were unaccompanied by any act of his, were objected to; and it was not claimed, that they were admissible. Many such were, however, received, under an understanding that the court would instruct the jury, in reference to evidence of this description. It appeared, that said *Josiah* had a pile of shingles near, or by the side of, the barn, and on some unenclosed land between it and the highway, which the plaintiff claimed, and offered evidence to prove, were procured for the purpose of shingling the barn; and that the deceased had agreed with a carpenter to shingle it. A witness testified, that at his own house, a few rods from the barn, said *Josiah*, a month or two before his death, told the carpenter, that the shingles were procured for the purpose of shingling the barn. It appeared, that the barn and yard was bounded in part by highway, and on all other parts, by lands of said *Josiah*.

The court said to the jury, on this subject, that declarations of said *Josiah*, which accompanied and characterized any act of his, in reference to this property, were admissible; and that all his declarations, while in or about the barn or yard, tending to characterize the object for which he was there, were admissible evidence; but that naked declarations of his, while away from the premises, either in reference to what he was going to do, or which narrated what he had done, as that he was going to the barn, or that he had permitted the defendant to occupy without paying rent, were not admissible.

The defendant obtained a verdict; and the plaintiff moved for a new trial for a misdirection.

*Foster* and *T. E. Graves,* for the plaintiff, contended, 1. That as it was agreed, that the defendant went into possession under a parol gift, and not under a deed or instrument in writing, the jury should have been instructed, that his title was in subordination to that of *Josiah Comins,* and not *adverse* thereto; and that, by remaining in possession, under

such an entry, he gained no title, though he remained in possession more than fifteen years. *Bryan* v. *Atwater,* 5 *Day,* 181. *French* v. *Pearce,* 8 *Conn. R.* 443. *Angell on Water-C.* § 210. 1 *Greenl. Ev.* 20. *Higgins* v. *Gill,* 1 *McMullan's R.* 329. *Wallace* v. *Maxwell,* 1 *Ired.* 185. *Sumner* v. *Stevens,* 6 *Metc.* 337.

2. That the declarations of *Josiah Comins* were not admissible. In the first place, they were not part of the *res gestae,* and were accompanied by no act, and tended to characterize none. 1 *Greenl. Ev.* 120, 1. 1 *Stark. Ev.* 47. (3rd *Am.* ed.) *Enos* v. *Tuttle,* 3 *Conn. R.* 250. *Pool* v. *Bridges,* 4 *Pick.* 378. *Avery* v. *Clemons,* 18 *Conn. R.* 306. *Russell* v. *Frisbie,* 19 *Conn. R.* 205. 209. Secondly, the declarations in question were not admissible, as they were *in favour* of the person making them. *Smith* v. *Martin,* 17 *Conn. R.* 399. *Peaceable* d. *Uncle* v. *Watson,* 4 *Taun.* 17. 1 *Greenl. Ev.* 203. § 171. *Higham* & ux. v. *Ridgway,* 10 *East,* 109. 117. *Roe* d. *Brune* v. *Rawlings,* 7 *East,* 279. 289.

*Welch* and *Hovey,* contra.

STORRS, J. As this case has been submitted to us without argument, and no brief has been presented on one side, we are not aware on what ground the plaintiff would vindicate the first claim made by him, on the trial, that, although the defendant, while he occupied the demanded premises, claimed title thereto in himself, yet, that, as he so occupied by virtue of a parol gift only from the owner, (who was his father and the plaintiff's testator,) such possession was not adverse to the owner, but was to be deemed in law subordinate to his title. If indeed nothing had appeared in the case, excepting merely that the defendant had been in the possession of the land, his possession would be deemed constructively to have been in subordination to the legal title, and therefore under, and not adverse to, the true owner; but when to the fact of his possession is superadded the fact, that it was exercised by him under a claim of title in himself, the latter fact rebuts the presumption that he occupied under the owner, or any other person, and shews therefore, that the possession was adverse. Indeed, it is the claim of title with which a possession is accompanied, which shews that the pos-

sessor occupied the land as his own, and not as tenant, or recognizing the title, of another; and for that reason such possession is adverse. There is frequently no little difficulty in determining as to what evidence is sufficient to prove such a claim; but we are not now called upon to consider that topic; because, in the present case, it is conceded, that it was established. It would have been sufficient, in this case, for the defendant to shew, that he was in possession of the premises for the period of fifteen years, under such claim of title, or as his own, without adducing any grant, or other colour of title under which he claimed to hold. The parol gift to him was void, under our statute of frauds, for the purpose of conveying a title, although it was evidence to shew the ground or claim under which he entered and occupied, and that he thus entered and occupied the land under it, as his own and claiming title to it in himself, as though the grant were valid; and such an entry and possession would preclude the idea that he held in subordination to, or recognizing the title of, the owner, or as his tenant. And we cannot perceive how an entry and possession, under a claim of title in himself, by virtue of a void grant, whether by parol or deed, is less adverse, than if taken and held without any colour of title whatever. There is the same possession under a claim of title, and the same entire destitution of a regular valid title, in both cases.

The question in *Sumner* v. *Stearns*, 6 *Metc.* 337, was precisely like the present; and the views which were then taken by the court, are such as we have expressed. The charge below on this point, which was in accordance with them, was therefore unexceptionable.

The remaining point respects the correctness of the rule laid down to the jury, in the charge below, in regard to the declarations of *Simon Comins,* the father of the defendant, and the owner of the demanded premises.

The question between the parties was, whether the defendant had been in the adverse possession of the land. This involved two enquiries: first, whether the acts of the defendant on the land, were such as properly to constitute a possession by him; and secondly, if they were, whether such

possession was, in its character, adverse to the said owner. In order to rebut the evidence which has been adduced by the defendant, to shew the fact of such possession and that it was adverse, the plaintiff adduced in evidence the acts of his testator, (the owner,) in and about the premises, in reference to and connected with their management and care, with his declarations accompanying such acts, and also other declarations of the owner, while away from the premises, as to what he intended to do, or narrating what he had done, as, for instance, that he was going to repair the barn on the premises, or that he had permitted the defendant to occupy them without paying rent. Such acts, and the declarations accompanying them, were not objected to, by the defendant; and the jury were instructed, that they were admissible for the purpose for which they were introduced. This was plainly correct. Those acts were admissible, not only for the purpose of rebutting the claim of the defendant, that the owner did not retain the possession of the premises, but had been ousted therefrom; but, if the defendant succeeded, in shewing that he had acquired possession, for the further purpose of rebutting his claim that it was taken and held under a claim of title in himself, and not in subserviency to the title of the owner; and the declarations accompanying those acts, were admissible, on a principle too familiar to require authorities, for the purpose of explaining and shewing their true character. But as to the other declarations of the owner, made while he was absent from the premises, and which accompanied no act, but which were mere statements of what he had done, or intended to do, respecting the premises, the jury were instructed, that they were inadmissible for the purpose for which they were offered. To this part of the charge we see no objection. These were mere naked declarations, and were no part of a *res gesta,* because they accompanied no act, and therefore could not tend to explain or characterize any. It did not appear, nor was it claimed, that they were made in the hearing of the defendant, so that they could be construed into any admissions by him; indeed, they stood upon no higher ground than a bare statement, by any other person than the owner, as to what the latter intended to do,

or had done, and therefore come within the general objection to mere hearsay.

A new trial is not advised.

In this opinion the other judges concurred.

New trial denied.