### TIMOTHY MANION *vs.* MATTHEW CREIGH.

A lane upon the plaintiff's land was open to the highway, and was used by the defendant in common with the plaintiff, and with no injury to the plaintiff. Held that the court would hesitate to regard the use of the defendant as adverse and that it was more natural to refer it to an implied permission.

Where however the court below found that the defendant had used the way under claim of right, it was held that there was no presumption of law that the use was permissive.

Where to an action of trespass for entering upon the lane and removing an obstruction which the plaintiff had placed upon it, the defendant pleaded the general issue, with notice of proof of a prescriptive right of way as appurtenant to a described tract of land, and as a right of way for all seasons and for all purposes, it was held that it was sufficient to prove a more limited right of way but of the same general nature, and a right of way appurtenant to a portion only of the described tract.

The strict rules of variance adopted in regard to special pleas are not applicable to notices.

The evidence however would not have been inadmissible under a special plea, though it would fail to sustain it, since it conduced to prove the larger right alleged.

TRESPASS for entering upon the plaintiff's land and removing a fence; brought to the Superior Court in Fairfield County, and tried on the general issue, with notice closed to

* Judge FOSTER was absent during the first week of the session. The cases of the second week begin with that of *Perry* v. *The Simpson Water Proof Manf. Co.,* post.

the court, before *Loomis, J.* The defendant's notice set up a right of way by prescription over the land in question, at all times of the year and for all purposes at his pleasure, to and from a tract of land described in the notice, containing about twenty-six acres. Judgment was rendered for the defendant and the plaintiff moved for a new trial. The points made in the motion are sufficiently stated in the opinion.

*Todd*, in support of the motion, cited Washb. on Easements, ch. 1, sec. 4, §§ 9, 10, 23, 31, 44; 1 Greenl. Ev., §§ 58, 71; 1 Swift Dig., 159; *Kilburn* v. *Adams*, 7 Met., 33; *Parker* v. *Framingham*, 8 id., 260; *First Parish of Gloucester* v. *Beach*, 2 Pick., 60; *Thomas* v. *Marshfield*, 13 id., 240; *Hall* v. *McLeod*, 2 Metc., (Ky.,) 98; *Cooper* v. *Barber*, 3 Taunt., 99.

*White* contra, cited 3 Cruise Dig., tit. 31, ch. 1, § 3; 2 Bla. Com., 36; *Campbell* v. *Wilson*, 3 East, 294; *Barnes* v. *Haynes*, 13 Gray, 188; *Kent* v. *Waite*, 10 Pick., 138; *Allen* v. *Ormond*, 8 East, 4; Washb. on Easements, ch. 1, sec. 4, § 44.

SEYMOUR, J. The action is trespass *quare clausum.* The defendant pleads the general issue, with notice of justification, that he did the acts complained of in virtue of having a private right of way founded on prescription, over the place where &c. The principal question in the case relates to the way thus claimed.

The plaintiff many years ago fenced out on his own land a short lane connecting a lot of his own with the highway. Prior to 1834 the lane was wholly enclosed, but in that year the fence which separated it from the highway was removed, and since 1834 the lane has remained open, and during the space of time from 1834 to about the time of bringing this suit the defendant and those under whom he claims have used it as a passway from the highway to certain premises owned by them. The plaintiff has also continued to use the lane, and thus the plaintiff and defendant passed to their respective lands from the highway over the passway in dispute. It is further found that the use of the plaintiff in no manner inter-

fered with or restricted or obstructed the defendant's use, and that the defendant's use was never under any express permission from the plaintiff.

Upon merely these facts we should hesitate to regard the use of the defendant as adverse. We think it more natural to refer it to an implied permission from the plaintiff, the lane being open and made temporarily a part of the highway, and it being apparent that no injury was done to the plaintiff by the defendant's use in common with himself of the passway. But, in addition to the facts above stated, the court has found that for over thirty years the defendant and those under whom he claimed had used the way *under claim of right*, and upon the whole case judgment was rendered for the defendant.

The plaintiff files a motion for a new trial, and the first question arises on his claim that upon the facts no right could legally be acquired by user—1st, because the lane was open to the highway; and 2d, because the plaintiff used the lane in common with the defendant. We think the user might be adverse, these facts notwithstanding. The facts are not conclusive and do not create a presumption of law that the user was permissive.

We think therefore that the ruling of the Superior Court was not in law erroneous, and that thus far there is no sufficient ground for a new trial.

The plaintiff also asks for a new trial because he says that certain evidence offered by the defendant, and objected to as being variant from the notice, was received by the court. The notice sets out a right of way with all the formalities of a special plea, as appurtenant to the entire tract of the defendant's land of twenty-six acres, and as being a right for all seasons of the year and for all purposes. The court does not expressly find the full right claimed in the notice. The finding is that the plaintiff, on or about the 1st of May, 1866, wrongfully obstructed the way by erecting fences across it, and that the defendant, having occasion to pass for the same purposes for which he had been accustomed to pass during the thirty years previous, removed the fences, doing no unnecessary damage; and thereupon the issue is found for the

defendant. If the matters stated in the notice had been set forth in a special plea and issue had been taken on the truth of the plea, this finding would not fully answer the issue, for consistently with the finding the defendant's right of way might be appurtenant only to part of the twenty-six acres, and might be only a summer road and limited to agricultural purposes only. The plaintiff's objection was to the admissibility of the evidence as variant from the notice because it fell short of proving the full right of way alleged and proved only a limited right. The evidence objected to was however clearly admissible as conducing to prove the whole right alleged. The use for agricultural purposes under a general claim of right tended to prove a right for all purposes, and a like use in summer tended to prove a right to use at all seasons of the year. But the objection of the plaintiff, though in form to the admissibility of the evidence, is in substance something more, to wit, that it appears from the finding that the right to a full and unrestricted way for all purposes and at all times and for the entire twenty-six acres was not established, and that therefore the precise right claimed in the notice is not established, and that the issue therefore ought to have been for the plaintiff.

The soundness of this claim depends upon the construction to be given to the statute allowing the substitution of notice for special pleas. We think it is clear from the express words of the statute that its object was to relieve the defendant from technical objections like that here made. The notice indeed claims a greater right than that which appears to have been proved, but of the same general nature, and the notice apprized the plaintiff of the real defence, to wit, that the defendant had such a right of way as justified him in removing the obstructions and doing the acts complained of. The parties appear to have been fully heard on the real issue and the plaintiff was not taken by surprise by reason of the notice being broader than the proof. We do not feel at liberty to adopt the same strict rules of variance in case of informal notices which are properly adopted in regard to special pleas, and there is no occasion for such strictness.

The record does not show that there was a determination of the general right of way claimed in the notice. The plaintiff is therefore in no danger of being injuriously affected by an estoppel.

In the case of *Merrill* v. *Everitt*, (heard at the present circuit in New Haven County) the Chief Justice has elaborately discussed the rules which govern the admission of evidence under notices. We refer to that case for a fuller exposition of the subject.

A new trial is not advised.

In this opinion the other judges concurred.