WILLIAM F. QUIGG vs. LOUISE ZEUGIN.

First Judicial District, Hartford, October Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

One who takes and holds for fifteen years exclusive possession of land
    orally given to him in exchange for land of his own, thereby gains
    title by adverse possession.  It is not essential that such occupant
    should deny the title of his donor; it is sufficient if he enters into
    possession and holds the land as if it were his own.
Acts of the occupant of such estate may be so open, visible and ex-
    clusive, as to warrant a presumption and finding that the true
    owner had knowledge of the adverse claim.
In the present case the defendant took and held for more than fifteen
    years exclusive possession of land which its owner, T, agreed to
    convey to him in exchange for land of the defendant through
    which T desired to build a highway.  Held that the defendant had
    thereby acquired a title by adverse possession to such land.

Argued October 7th—decided December 17th, 1909.

ACTION in the nature of trespass for entering upon land
of the plaintiff and cutting and carrying away trees grow-
ing thereon, also for an injunction, brought to the Court
of Common Pleas in Hartford County and tried to the

court, *Coats, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *No error.*

*Alexander Arnott,* for the appellant (plaintiff).

*Daniel J. Donahoe,* for the appellee (defendant).

RORABACK, J. This action was brought to recover damages from the defendant for cutting trees on a piece of land which the plaintiff claimed he owns by a foreclosure of a mortgage deed. The defendant denied that the plaintiff had title to the property, and also averred that she had occupied the land adversely for more than fifteen years.

In 1891 Theodore Tietz opened a new road from a point in the village of Marlborough, near his factory, known as Marlborough Mills, to a point in East Hampton. The plan for this road ran through land belonging to Mr. Tietz for the greater part of the distance, and through a part of the home lot of Albert Zeugin, husband of the defendant. To carry out his project of building the road it was necessary for Tietz to secure from Zeugin the right to go through his land. In order to induce Zeugin to consent to the opening of the highway, and also to convey the right to go through his home lot, Tietz agreed to exchange with him the land in question. Tietz, on October 30th, 1891, took from Zeugin a deed of the land for the highway, and promised to give Zeugin a deed of the land now in controversy. The land to be conveyed to Zeugin was sprout land of little value, and that to be conveyed by Zeugin was covered by trees of larger growth and was of greater value per acre. Zeugin, by agreement with Tietz, was to take possession of the land in question, and to fence it in as part of his own land. Tietz further agreed to furnish the wire for the fence. Zeugin took possession of the land and fenced it in, and worked and claimed it as his own. Tietz furnished one roll of wire, and having neglected to

furnish the balance, Zeugin bought what was necessary for the fence. The road opened by Tietz was accepted as a public highway.

The claim of the plaintiff arises from a mortgage given to him by Tietz & Company in May, 1897, which was foreclosed by the plaintiff in 1899. The mortgage purports to convey to the plaintiff, with other property, the same land that Tietz agreed to convey to Zeugin. When the mortgage was given the road had been cut through, and the strip of land in question had, for about six years, been in the possession of Zeugin, fenced in and claimed by him as his own land. The foreclosure proceedings show that the only persons foreclosed were Tietz & Company.

The defendant's title comes from her husband, Albert Zeugin, by a deed to John Matta March 8th, 1898, and from Matta to defendant by a deed of the same date.

Under a claim of ownership the defendant and her husband had occupied the land in question for more than fifteen years at the time this suit was commenced.

At no time since the foreclosure of his mortgage has the plaintiff occupied or attempted to occupy the land in dispute.

The plaintiff, in several of his reasons of appeal, seeks to attack the finding on the alleged ground that the court below refused to find certain material facts proven, and also found certain facts as proven, without evidence.

A statement of the evidence and rulings in the case is made part of the record, as provided for by § 797 of the General Statutes.

Upon an examination of the record we have reached the conclusion that the finding as made should stand. That portion of the finding which the plaintiff, by brief and in argument, claims should be corrected, relates to the conclusions of the court as to the adverse possession of the defendant and her husband. The finding of the court upon this subject is fully warranted by the evidence.

The court below properly held that the defendant and her husband had been the adverse occupants of the disputed land for more than fifteen years. That the entry and possession of Zeugin upon the land in question was under a bona fide claim of ownership, is apparent from the finding. Zeugin was to have the land in exchange for his own property which he transferred to Tietz for a highway. In pursuance of the agreement with Tietz, Zeugin took possession and fenced it in as a part of his own land. This was adverse possession and disseizin with the full intention upon the part of Zeugin to possess exclusively as his own, and by necessary consequence an exclusion of Tietz from the seizin and ownership of his property. It is enough if the disseizor enters into and holds possession of the land as if it was his own. *Johnson* v. *Gorham,* 38 Conn. 513, 521; *Searles* v. *DeLadson,* 81 Conn. 133, 136, 70 Atl. 589; *Carney* v. *Hennessey,* 74 Conn. 107, 111, 49 Atl. 910.

There is no merit in the plaintiff's claim that it does not appear that Tietz ever received notice that there was an adverse holding upon the part of Zeugin. When real estate is the subject of an adverse possession which is open, visible and exclusive, the acts of the party in possession may be such as will warrant the presumption and finding that the true owner had knowledge of the adverse claim. *Alderman* v. *New Haven,* 81 Conn. 137, 141, 70 Atl. 626; *Carney* v. *Hennessey,* 74 Conn. 107, 111, 49 Atl. 910.

Zeugin took possession as owner under an arrangement with Tietz that Zeugin was to enclose the land in dispute with a fence, for which Tietz furnished a portion of the material, knowing the purpose for which it was used. The defendant and her husband kept up their possession for more than fifteen years before the commencement of this action, with a claim of ownership. The defendant's claim was the same as that of her husband and therefore adverse. Possession for such a time, under such a claim, was adverse, especially when their claim was rightful.

It becomes unnecessary to inquire as to the plaintiff's title, since the disposition of the question of adverse possession is sufficient to sustain the judgment rendered for the defendant.

There is no error.

In this opinion the other judges concurred.