ABRAHAM PHILLIPS ET AL. VS. NICHOLAS BONADIES.

First Judicial District, Hartford, January Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

The findings of the trial court that a user of real estate was adverse, exclusive and under claim of right are ultimate conclusions of fact and will not be disturbed by this court unless they are unsupported by the subordinate facts.

Since every user is permissive in the sense that the servient owner has not enforced his right to terminate it, the mere fact of his passive acquiescence will not justify the conclusion that it was permissive in the legal sense and, therefore, unproductive of prescriptive rights; further facts and circumstances must appear which warrant the inference of a license exercised in subordination to the servient owner's rights and revocable by him at any time.

User "under claim of right" is nothing more than user "as of right" and might more accurately be so termed, since it does not require proof that a claim was actually made and communicated to the servient owner, but merely that his rights have not been recognized.

Where there is no proof of an express license or permission, on the one hand, or, of an express claim of right, on the other, the character of the user is to be determined by inference from its nature and the circumstances of the parties.

When a claim to title in fee is based upon adverse user, it must appear that the claimant's possession was wholly exclusive, since two persons cannot at the same time possess the same parcel of land unless the right of one is subordinate to that of the other; but when an easement is claimed by prescription it is obvious that the right may be exercised concurrently by both

the claimant and the servient owner, and therefore the former's possession need be exclusive only to the extent that it is independent of any right enjoyed by the general public.

A change from horse-drawn to motor-driven conveyances in the use of a vehicular right of way does not impose such an increased burden upon the servient estate that, if it occurs during the prescriptive period, the period may be said to be broken by an enlargement of the user.

Argued January 4th—decided March 5th, 1927.

ACTION for an injunction restraining the defendant from obstructing an open space or yard adjoining the lands of the plaintiffs, brought to the Superior Court in Hartford County and tried to the court, *Dickenson, J.;* judgment for the plaintiffs, and appeal by the defendant. *No error.*

The plaintiff Phillips and the defendant each own land on the east side of Market Street in the city of Hartford upon which there are brick business buildings. Between their two buildings there is a gangway twelve feet wide leading from Market Street into a yard in the rear of defendant's building. At the end of the twelve-foot gangway there is a twenty-five-foot gangway running at right angles to it, extending from the plaintiff Phillip's land on the north to defendant's land on the south. The plaintiff Silver owns land to the east of this twenty-five-foot gangway which also abuts it on the north, upon which land there is a brick business building. Each of the plaintiffs is the owner of record of the right to use both of these gangways. The yard upon defendant's property is bounded on the north by the twelve-foot gangway, on the east by the twenty-five-foot gangway, on the south and west by defendant's brick building, and is a rectangular tract about twenty-eight feet by thirty-eight feet. No other property owners abut upon either of these gangways or upon the yard in the rear of defendant's building. In the south wall of the plaintiff

Phillips's building there is an archway over a driveway running through the building to an open court in its interior, which 'is of sufficient size to permit the entrance of teams and trucks, also certain doorways, the archway and doorways opening upon that portion of the twelve-foot gangway which adjoins the yard, all of which have been continuously used for more than forty years by the occupants of the Phillips building as a means of ingress and egress, and for the purposes of shipping and receiving goods and supplies. In the south and west walls of the building of the plaintiff Silver which abuts upon the twenty-five-foot gangway, there are doorways which open upon that portion of it which adjoins the yard, which have been continuously used for more than forty years by the occupants of the Silver building as a means of ingress and egress and for the purposes of shipping and receiving goods and supplies. For a period of thirty years the plaintiffs, their predecessors in title and their tenants have continuously used, in addition to the two gangways, all of this yard (except a portion of it, about ten feet by sixteen feet, which was occupied by a shed during the years 1911 and 1912) as a means of access to and from the archway and doorways, the yard being used for passing, repassing and turning teams and trucks for the purpose of entering and leaving the driveway through the archway. During this time the yard was also used by the tenants or the predecessors in title of the defendant in connection with their occupation of the building upon defendant's land. Neither the plaintiffs, their predecessors in title nor their tenants ever obtained any permission from the owner in fee of the yard for the use of the same.

The plaintiffs alleged that they and their predecessors in title had acquired by prescription a right of way over defendant's yard and that defendant had inter-

fered with their right by erecting obstructions in the yard. The trial court found the allegations proven and enjoined the defendant from obstructing the right of way.

*Henry J. Calnen,* with whom, on the brief, was *Leon J. Greenberg,* for the appellant (defendant).

*John T. Robinson* and *Ernest W. McCormick,* for the appellees (plaintiffs).

BANKS, J. The only grounds of error pursued by defendant in his brief or argument are that the trial court erred in holding and deciding (1) that the user of the plaintiffs and their predecessors in title was adverse; (2) that it was exclusive, and (3) that the easement could be enlarged during the prescriptive period. The trial court found as a fact that plaintiffs' user of the premises was both adverse and exclusive. No correction of the finding is requested and these ultimate conclusions of fact will not be reviewed by this court unless it appears that they are contrary to or unsupported by the subordinate facts found, or were not made logically, reasonably and in accordance with the principles of law. *Layton* v. *Bailey,* 77 Conn. 22, 58 Atl. 355; *Twining* v. *Goodwin,* 83 Conn. 500, 77 Atl. 953; *Bradley Fish Co.* v. *Dudley,* 37 Conn. 136, 147; *West* v. *Lewis Oyster Co.,* 99 Conn. 55, 66, 121 Atl. 462.

That the user of plaintiffs and their predecessors in title was open, continuous and with the knowledge of the defendant, the owner of the servient tenement, is not questioned. It is the contention of the defendant that this was a permissive use, not one existing under a claim of right, and therefore could not be held to be adverse. Use by express or implied permission or license cannot ripen into an easement by prescription.

This follows from the requirement that the user must be adverse,—that is, a user unaccompanied by any recognition of a right in the owner to stop such use, either express or reasonably to be inferred from the manner and circumstances of the user. When the acts of user are such as to charge the owner of the servient estate with notice of the user and the user is such as to indicate that it is exercised under a claim of right it will be held to be adverse, for such a user would constitute an invasion of the rights of the owner of the soil and be inconsistent with them. In the very nature of the case, however, every such user is by permission of the owner of the servient tenement in the sense that he permits it to continue without exercising his right to terminate it. A permissive user therefore as distinguished from one exercised under a claim of right is not to be inferred from mere passive acquiescence. The facts and circumstances must be such as to warrant the inference of a license exercised in subordination to the rights of the owner of the soil and which he may revoke at any time. On the other hand, the requirement that the user must be exercised under a claim of right does not necessitate proof of a claim actually made and brought to the attention of the owner of the fee. It means nothing more than a user "as of right," that is without recognition of the right of the landowner, and that phraseology more accurately describes it than to say that it must be "under a claim of right." 2 Tiffany on Real Property (2d Ed.) p. 2050. *Barber* v. *Bailey,* 86 Vt. 219, 84 Atl. 608, 44 L. R. A. (N. S.) 98; *Alderman* v. *New Haven,* 81 Conn. 137, 141, 70 Atl. 626; *Quigg* v. *Zeugin,* 82 Conn. 437, 440, 74 Atl. 753. Both terms are used in the English "Prescription Act" and construed as synonymous. Goddard on Easements (8th Ed.) 236.

Where, therefore, as in the instant case, there is neither, on the one side, proof of an express license or permission from the landowner, nor, on the other, proof of an express claim of right by the person using the way, the character of the use, whether adverse or permissive, is left to be determined as an inference from the circumstances of the parties and the nature and character of the use. *Poliner* v. *Fazzino, ante,* 350, 135 Atl. 289. A finding that the use is under a claim of right is one of fact under our law, and that finding must stand unless it be found to be unsupported by the subordinate facts. *Shea* v. *Gavitt,* 89 Conn. 359, 364, 94 Atl. 360; *Villany* v. *D'Amelio,* 96 Conn. 680, 682, 115 Atl. 428.

It appears from the finding that the plaintiffs and their predecessors in title constantly used the yard in question for passing and repassing on foot and with teams and trucks for a period of thirty years next preceding the bringing of the present action; that certain doorways and a large archway, which had existed in the buildings now owned by the plaintiffs since their erection more than forty years ago, and which were used for the purpose of receiving and shipping goods and supplies to and from these buildings, were so constructed as practically to necessitate such user as a means of access to and from the doorways and archway by teams and trucks; that in 1907 a predecessor in title of the defendant considered erecting a fence to prevent such user, but that the fence was not erected because of the fear that it would bring about a lawsuit; that in 1919, though an attempt to erect such a fence was made, the part erected was removed after standing less than a single day on protest of a predecessor in title of one of the plaintiffs; that during all of that period the plaintiffs and their predecessors in title obtained no permission or license of any sort for

such user and paid no consideration therefor. These subordinate facts fully support the conclusion of the trial court that the use of this yard by the plaintiffs was under a claim of right and adverse.

Defendant further claims that plaintiffs' use of this yard was not exclusive, since it appears from the finding that the yard was also used by the defendant and his predecessors in title. This claim involves a confusion of the requirement necessary to establish a prescriptive right in fee with that necessary to establish an easement. In the former case the possession must be exclusive, since two persons cannot at the same time possess the same parcel of land unless the right of one is subordinate to that of the other. In the latter case both parties may exercise the right to use a single way, each user being independent of the other and exercised as of right. That the user must be exclusive is true only in the limited sense that the right shall not depend for its enjoyment upon a similar right in others; it must be exclusive as against the community at large. Here the properties of the plaintiffs and the defendant entirely surround the yard which does not appear to have been used by any other person or by the public in general. The authorities hold that a user may be exclusive though it is participated in by the owner of the servient tenement. 9 R. C. L. 773; 19 Corpus Juris, 892; Jones on Easements, § 272; 2 Tiffany on Real Property (2d Ed.) p. 2053; *Bigelow Carpet Co.* v. *Wiggin,* 209 Mass. 542, 95 N. E. 938; *Manion* v. *Creigh,* 37 Conn. 462.

It follows that the finding that the defendant as well as the plaintiffs made use of this yard is not inconsistent with the trial court's conclusion that the plaintiffs' user was exclusive to the extent that the law requires as a basis for a claim of prescriptive right.

The only other ground of appeal pursued upon de-

Lavitt *v.* Hartford County Mutual Fire Ins. Co.

fendant's brief is that the trial court erred in holding and deciding that the easement could be enlarged during the prescriptive period. The court did not so rule. It appears from the finding that the plaintiffs' user of the yard during the last fifteen years was at first by single horse teams, later by double horse teams, and during the last eight or nine years by automobiles. The record does not show that the change from horse-drawn vehicles to automobiles imposed any greater burden upon the premises of the defendant or worked any substantial change in the use to which the yard had been put. In order to recover, plaintiffs need only to prove an adverse user of the yard without substantial change in its nature and an obstruction of such use by defendant after the prescriptive period had run. Under the circumstances, the motive power of the vehicles was immaterial.

The facts set forth in the finding are sufficient to sustain the judgment appealed from. It is therefore unnecessary to consider the question raised by the plaintiffs' bill of exceptions.

There is no error.

In this opinion the other judges concurred.