LENA KLEIN v. GIOVINA DEROSA ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued January 4—decided March 20, 1951

*Samuel Rosenthal,* with whom was *Morris S. Falk,* for the appellants (defendants).

*Henry J. Goldberg,* with whom, on the brief, was *Jacob Schwolsky,* for the appellee (plaintiff).

BALDWIN, J. This appeal presents the question whether the court erred in granting injunctive relief against the defendants' interference with the plaintiff's claimed right to use a walk leading from the public highway over the defendants' land to the rear of the plaintiff's premises.

The finding is not subject to correction. It may be summarized as follows: In 1926 Max H. Klein, father of the plaintiff, owned two adjoining parcels of land in Hartford, with dwelling houses thereon. One parcel was located at the northeast corner of Center and Fairmount Streets. The second, fronting west on Center Street, adjoined it on the north. In that year Klein razed the dwelling on the corner lot and built an apartment house with accommodations for twelve tenants. The rear entrances to the apartments were on the north side of the building, facing the adjoining property. Two concrete sidewalks were constructed to serve these entrances. One led north from Fairmount Street around the east end of the apartment house. The other led east from Center Street forty feet along the north side of the apartment house to a corner of that building, where it divided, one part leading to the porches of the apartment house and the other to the rear of the dwelling on the second parcel. The south edge of the walk was approximately on the dividing

line between the properties. The plaintiff has lived in the apartment house since 1926. She obtained title to it from from her father's estate in 1930. Title to the second parcel was acquired by foreclosure against Klein's estate in 1930 and passed through various conveyances to the defendants in 1937 and 1938. The plaintiff has used the walk leading from Center Street since the apartment house was built. She believed that it was a mutual right of way and that she had a right to use it. She had never sought permission from anyone. The walk was used by tenants in the apartment house and by those making deliveries there continuously and without interruption from 1926 to 1947. There has been a sign on the Center Street side of the building, near this walk, since 1926 indicating that deliveries are to be made to the rear entrance. The defendants knew of this use from the time they purchased the premises and made no complaint. In 1947 they erected a fence along Center Street across the front of their property. The most southerly post in this fence was located on the plaintiff's land. At the west end of the walk on the street line, the defendants placed a gate, which they kept locked. The plaintiff then instituted the present action.

The application of well-established rules of law to these facts is determinative of this case in the plaintiff's favor. To acquire a right of way by prescription, there must have been a use which was open and visible, continuous and uninterrupted for fifteen years, and made under a claim of right. *Aksomitas* v. *South End Realty Co.*, 136 Conn. 277, 281, 70 A. 2d 552; *C. B. Alling Realty Co.* v. *Olderman*, 90 Conn. 241, 247, 96 A. 944; General Statutes § 7130; Jones, Easements, §§ 164, 269; 17 Am. Jur. 971, § 59. The use must have been so open, visible and apparent that it gave the owner of the servient land knowledge and full oppor-

tunity to assert his own rights. *Ricci* v. *Naples*, 108 Conn. 19, 25, 142 A. 452; *Exley* v. *Gallivan*, 96 Conn. 676, 679, 115 A. 482. Whether a right of way by prescription has been acquired presents primarily a question of fact for the trier after the nature and character of the use and the surrounding circumstances have been considered. *Horowitz* v. *F. E. Spencer Co.*, 132 Conn. 373, 377, 44 A. 2d 702; *West* v. *Lewis Oyster Co.*, 99 Conn. 55, 67, 121 A. 462; *Bradley Fish Co.* v. *Dudley*, 37 Conn. 136, 147.

The defendants admit that the use of this way was open and visible but contend that it was permissive. Whether the use has been adverse or permissive is likewise a matter of fact to be determined by the trier. *Phillips* v. *Bonadies*, 105 Conn. 722, 727, 136 A. 684. Even in a case where the use began as the result of an ineffective or invalid grant, that fact does not negate its adverse character but tends rather to emphasize that it was made under a claim of right. *C. B. Alling Realty Co.* v. *Olderman*, supra; *Comins* v. *Comins*, 21 Conn. 413, 416; *Legg* v. *Horn*, 45 Conn. 409, 415.

It is further contended that no prescriptive right in favor of the plaintiff could arise as against the defendants prior to 1937 and 1938, when they acquired title, because they took without notice of the plaintiff's user. A complete answer to this is in the findings that at that time it was apparent that the walk led to the rear porches of the apartment house and also that there was a sign on the corner of the building near the walk directing that deliveries were to be made at the rear entrance. The existence of these physical conditions was enough to put the defendants on notice that the walk was being used by the plaintiff under a claim of right. *Alderman* v. *New Haven*, 81 Conn. 137, 141, 70 A. 626; *New York, N. H. & H. R. Co.* v. *Russell*, 83 Conn. 581, 595, 78 A. 324; *Carney* v. *Hennessey*, 74

Conn. 107, 111, 49 A. 910; *School District* v. *Lynch*, 33 Conn. 330, 334.

The defendants argue that a finding of user by tenants of the plaintiff cannot inure to her benefit. Such a finding showed the nature of the use to which the way was put and tended to establish its character. *Hawley* v. *McCabe*, 117 Conn. 558, 560, 169 A. 192. Furthermore, user by the tenants of the dominant estate of a right of way over the servient estate as an appurtenance of the premises leased to them inures to the benefit of the lessor. The plaintiff could establish a right of way across the defendants' land for the use of her tenants by showing that they used the walk as a common way for entering and leaving their apartments and that their user was in fact appurtenant to, and a right to be enjoyed in connection with, the premises they occupied under their leases. *Deregibus* v. *Silberman Furniture Co.*, 121 Conn. 633, 638, 639, 186 A. 553; *Capps* v. *Merrifield*, 227 Mich. 194, 198, 198 N. W. 918; *Holmes* v. *Turner's Falls Co.*, 150 Mass. 535, 547, 23 N. E. 305; *Greenway* v. *Watson*, 268 Ky. 745, 749, 105 S. W. 2d 848.

The defendants point out that a use under a claim of right means "a user 'as of right,' that is, without the recognition of the right of the landowner." They argue that, because the plaintiff claims that the passway in question was a mutual one going back to the time when her father was the owner of both the properties, her use could not be adverse and exclusive. That would be so if the plaintiff were seeking to establish title to the land by adverse possession. The case was not tried on that theory. The plaintiff is merely seeking to establish a right of way. It is not inconsistent with the plaintiff's right that the defendants may also have used this way. Her user need be exclusive only in the limited sense that her right shall not depend for its enjoyment

upon a similar right in others. "The authorities hold that a user may be exclusive though it is participated in by the owner of the servient tenement." *Phillips* v. *Bonadies*, 105 Conn. 722, 728, 136 A. 684; *Manion* v. *Creigh*, 37 Conn. 462, 464; Jones, Easements, § 272; 4 Tiffany, Real Property (3d Ed.) p. 574; 17 Am. Jur. 976, § 64; see *Missionary Society* v. *Coutu*, 134 Conn. 576, 582, 59 A. 2d 732.

The defendants also argue that the court erred in requiring, in the judgment, the removal of a post which they had placed upon the plaintiff's land and which was a part of the fence that obstructed the way, because no basis was laid for such a judgment in the pleadings. The allegations of the complaint and the prayers for relief are broad enough to warrant the judgment, and the claim is without merit.

In their brief the defendants contend, pursuant to an amendment of their assignment of errors first offered in this court, that there was a material variance between the plaintiff's amended complaint and the proof because a "title by prescription" is alleged, whereas the evidence offered only tends to prove an easement of a right of way. The complaint alleged a use enjoyed adversely and under a claim of right, "thereby creating title by prescription in the plaintiff." The word "prescription" is appropriate to connote the acquisition of an easement by adverse user. If the plaintiff had been claiming that she had acquired a title in fee to the land, the proper words for her to have used would have been "adverse possession" rather than "prescription." The complaint fairly apprised the defendants, therefore, that the plaintiff was relying upon a claim that she had acquired an easement. The policy of our Practice Act from the beginning has been to overlook variances unless they are so material as to prejudice the other party. *Osborn* v. *Norwalk*, 77 Conn. 663, 665,

60 A. 645. The defendants were not prejudiced. The case was tried upon the theory that the plaintiff was claiming a right of way by prescription which the defendants denied, and we have considered the appeal upon that theory. Conn. App. Proc. § 22. The other claims of error are without merit and require no discussion.

There is no error.

In this opinion the other judges concurred.