# Anna V. Vingiano et al. *v.* Paul Vitolo et al.

### Appellate Division of the Circuit Court

File No. CV 8-662-4396

Argued May 6—decided June 14, 1968

*Frank J. Raccio,* of New Haven, for the appellants (defendants).

*John J. Philbin,* of West Haven, for the appellees (plaintiffs).

DEARINGTON, J. We first consider a motion made to this court to set aside the judgment on the grounds that the plaintiffs have failed to file their briefs within the time provided for by our rules. Practice Book § 1015. The motion was heard and decision reserved, and the parties were permitted to argue the merits of the appeal. In support of their motion, the defendants cite § 696 of the Practice Book, which section has been incorporated by reference as a rule of this court. Practice Book § 1023. Since the case, however, has been heard upon its merits and the plaintiffs' brief was then a part of the record, the motion is denied. See *Vuono* v. *Eldred,* 155 Conn. 721; *Clements* v. *Goodkofsky,* 152 Conn. 747. In denying the motion, we do not mean to imply that a precedent is being made in this respect.

The plaintiffs' complaint contains two counts, the first alleging interference with a prescriptive easement and the second alleging a "spite fence" between the premises of the parties, which allegations the defendants have generally denied. Judgment having been rendered for the plaintiffs, the defendants have appealed, assigning error in that the trial court rendered judgment on the theory of a prescriptive right having been established when the complaint alleged a cause of action sounding in easement by implication. Error is also assigned in the denial of the defendants' motion to correct the finding; in the conclusions; and in that there was no evidence of hostile, exclusive and continuous use. The defendants, however, have briefed but two assignments of error, and in accordance with our rules we treat the

remaining claims as having been abandoned. *Martino* v. *Grace-New Haven Community Hospital*, 146 Conn. 735, 736; Maltbie, Conn. App. Proc. § 327 n.1a (Sup. 1961), and cases cited.

The court found, in brief, that prior to July 31, 1924, the properties in question, that is, the parcels located at 90-92 Bristol Street (plaintiffs) and at 86-88 Bristol Street (defendants) were owned by Sarah and Albert Hurwitz. The parcels adjoined each other, and there was a two-family house located on each. The houses were separated by a strip of land, approximately thirteen feet wide, which served as a common driveway and was used by pedestrians and motor vehicles. By mesne conveyances, the property located at 90-92 Bristol Street came into the ownership of the plaintiffs in 1949, and in 1955 the property located at 86-88 Bristol Street came into the sole ownership of the defendants. The mesne conveyances had all been between members of the same family, to which both the plaintiffs and the defendant Paul were related. The driveway separating the two houses extended upon the plaintiffs' property for a distance of eight feet and upon the defendants' property for a distance of five feet. The driveway had been used in common by the occupants of the adjoining houses for more than twenty years. In 1964 the relationship between the plaintiffs and the defendants became strained, and in 1965 the defendants erected a chain link fence, four feet high, along their property line as it extended along the driveway. The fence has restricted and limited the plaintiffs' use of the driveway by diminishing its width.

The court concluded that the plaintiffs had acquired a prescriptive right to use the driveway, it having been used in common by the occupants of both houses for more than fifteen years openly,

visibly, continuously, and without interruption. Nothing had been done during a period of more than fifteen years by either party, as prescribed by statute, to prevent the acquisition of a prescriptive right. The defendants were ordered to remove the fence and restore the driveway.

The basic claims of the defendants are, first, that the court went outside the framework of the pleadings in its rendition of judgment on the ground that prescriptive rights had been established by the plaintiffs, and second, that even if it is assumed that the plaintiffs' intent was to establish an easement by prescription, the subordinate facts do not support a conclusion that such an easement was created. The defendants contend that the case was tried upon the theory of showing an easement by implication rather than showing an acquisition of an easement by prescription, a contention not shared in by the court. For easements created by implication, see such cases as *Rischall* v. *Bauchmann,* 132 Conn. 637, 642; *D'Amato* v. *Weiss,* 141 Conn. 713, 716; and *Schroder* v. *Battistoni,* 151 Conn. 458, 460. The plaintiffs alleged in their first count that for over thirty years a common driveway existed along the common boundary and that the plaintiffs and their predecessors in title have used the driveway for purposes of passage by man and vehicle for more than fifteen years, to wit, for a period of at least thirty years, continuously, uninterruptedly and with the knowledge of the defendants and their predecessors in title. Although it is true that the complaint could have been drafted with greater accuracy and precision; see Practice Book, Form 309; it was sufficient to embrace a claim of an easement by prescription and put the defendants fairly upon notice of the plaintiffs' intent. Whether there was evidence showing a unity of title at some time prior to the plaintiffs' ownership would not be controlling

when the pleadings warranted the plaintiffs' proceeding on the theory of an easement by prescription. The court was justified in determining that the case was being tried on the theory that the plaintiffs were claiming an easement by prescription.

The essential elements required to establish an easement by prescription are set forth in *Klein* v. *DeRosa,* 137 Conn. 586, 588, as follows: "To acquire a right of way by prescription, there must have been a use which was open and visible, continuous and uninterrupted for fifteen years, and made under a claim of right. . . . The use must have been so open, visible and apparent that it gave the owner of the servient land knowledge and full opportunity to assert his own rights. . . . Whether a right of way by prescription has been acquired presents primarily a question of fact for the trier after the nature and character of the use and the surrounding circumstances have been considered." See *Zavisza* v. *Hastings,* 143 Conn. 40, 45, and cases cited.

The defendants contend that even though it be assumed that the case was tried upon the theory of establishing an easement by prescription, "the finding of the court that the use was under a claim of right is not supported by the subordinate facts." The defendants are correct in their analysis of the problem, for they concede that "[w]here, therefore, as in the instant case, there is neither, on the one side, proof of an express license or permission from the landowner, nor, on the other, proof of an express claim of right by the person using the way, the character of the use, whether adverse or permissive, is left to be determined as an inference from the circumstances of the parties and the nature and character of the use." *Phillips* v. *Bonadies,* 105 Conn. 722, 727; *Poliner* v. *Fazzino,* 105 Conn. 350, 355. It is, of course, an essential element in the acquisition

of an easement by prescription that there be an adverse use under a claim of right; *Klein* v. *DeRosa, supra*; and this must be actually or impliedly communicated to the owner of the land; but such an intent to claim adversely may be inferred by the acts and conduct of the dominant user. *Phillips* v. *Bonadies, supra,* 726. This is so even if the claim of right lacks validity or is not well founded. 25 Am. Jur. 2d, Easements and Licenses, § 52. The existence of the physical conditions of a right of way may be enough to put a defendant on notice that the right of way is being used by the plaintiff under a claim of right. *Klein* v. *DeRosa, supra,* 589. "It means nothing more than a user 'as of right,' that is, without recognition of the right of the landowner, and that phraseology more accurately describes it than to say that it must be 'under a claim of right.'" *Gregory's, Inc.* v. *Baltim,* 142 Conn. 296, 299. A trier has a wide latitude in drawing an inference that a user was under a claim of right. *Sachs* v. *Toquet,* 121 Conn. 60, 66. "Nothing more is required than a user 'as of right,' that is, without recognition of the rights of the owner of the servient tenement." *Zavisza* v. *Hastings, supra,* 46.

In the instant case, the court could properly draw the inference, from the situation of the parties and the nature and extent of the user, that it was in fact adverse and under a claim of right. *Andrzejczyk* v. *Advo System, Inc.,* 146 Conn. 428, 432. Implicit in the court's conclusions was that the plaintiffs were using the right of way under a claim of right. Although no right of way over the land of the defendants was mentioned in the deed by which the plaintiffs acquired title to their property, the phrase in the deed, "with all the appurtenances," was sufficient to grant to them the appurtenant right of way. *Schroeder* v. *Taylor,* 104 Conn. 596, 601. Furthermore, the finding that the occupants of both houses

used the driveway is of no consequence, since both parties may exercise the right. That the user must be exclusive means only as against the community at large. *Phillips* v. *Bonadies,* supra, 728; *Klein* v. *DeRosa,* supra, 591.

The defendants also claim that the alleged right of way was not defined with reasonable certainty. *Taylor* v. *Dennehy,* 136 Conn. 398, 404. The court found that the adjoining houses were separated by a strip of land thirteen feet wide, eight feet on the plaintiffs' property and five feet on the defendants' property. It perhaps should parenthetically be pointed out that a map prepared by a registered engineer was admitted as a full exhibit by stipulation, in which map the alleged right of way, paved with cement, is clearly described, but the map was not incorporated in the finding. See Maltbie, Conn. App. Proc. § 319. The finding of the court, however, reasonably defined the right of way.

One other assignment of error requires our consideration. The defendants contend that stronger evidence was required when it appeared that members of a family were seeking to acquire an easement against each other. *Taylor* v. *Dennehy,* supra; 3 Am. Jur. 2d, Adverse Possession, § 147. The family relationship existing between the parties was a factor to be considered together with the other circumstances. The finding is clear and positive in that a visible and uninterrupted use had been made of the driveway for a period in excess of fifteen years. In fact, the finding indicates that the driveway, as such, had been in existence for over sixty years. It was for the trial court to determine upon all the evidence what effect, if any, the relationship of the parties had upon the issues. It is apparent from the finding that the court was of the opinion that the relationship did not bear heavily on the issues. We find no error here.

While there was evidence of the unity of title which characterizes an easement by implication, we conclude, as did the trial court in its decision, that the case was tried upon the theory that the plaintiffs were claiming an easement by prescription. Maltbie, Conn. App. Proc. § 42. The finding supports the court's conclusions that the plaintiffs had acquired a right of way by prescription.

There is no error.

In this opinion WISE and KINMONTH, Js., concurred.