In January, 1974, the plaintiffs instituted this action after a permit to build an extension on the rear of their property was denied because of the presence of an underground water tank owned by the defendant The Ansonia-Derby Water Company (hereinafter referred to as the water company). The plaintiffs sought damages against the water company and the named defendant, the plaintiffs' predecessors in title, and an order requiring the water company to remove its storage tank and pipes from the plaintiffs' property. After the action was withdrawn against two defendants, the case was tried to the court which rendered judgment for the remaining defendants. The plaintiffs have appealed the judgment, although since then the appeal against the named defendant has been withdrawn.
The court's finding, which was not challenged by a motion to correct, discloses the following facts: On June 24, 1957, the housing authority of the city of Derby entered into a two-year agreement with a predecessor to the defendant water company. That agreement provided for the installation of water service facilities by the water company in a development owned by the housing authority. The agreement also provided that the housing authority would convey to the water company the land in which the installation was buried together with a right-of-Way to service it and its accessories if a tank was installed. No conveyance was ever made. By December, 1957, the water company, at its sole expense, had installed a 15,000-gallon storage tank under the ground to the rear of a dwelling then owned by the housing authority but later conveyed to the plaintiffs by quitclaim deed on June 28, 1973. The plaintiffs had occupied the house for eight years before they purchased it. During that period the plaintiffs saw the regular servicing of the water *Page 577 
tank by water company employees on numerous occasions. A hatchway located at the rear of the plaintiffs' premises provided access to the underground tank, which was serviced at least once a month from the date of its installation. The plaintiffs were aware that an installation existed beneath the hatchway in the backyard before they purchased the property.
Upon these facts the court concluded that the use by the water company during the two-year term of the agreement between it and the housing authority Was adverse and under a claim of right and that the water company had acquired an easement by prescription, since it used the premises openly, visibly, continuously, and under a claim of right for more than fifteen years. The sole issue on this appeal is whether the court erred in concluding that the use of the defendant water company during the two year term of the agreement between it and the housing authority was adverse and under a claim of right.
The plaintiffs claim that the two-year agreement between the water company and the housing authority was a license which could not ripen into an easement by prescription. It is well established, however, that "[t]he fact that the use began as the result of [an] agreement . . . serves to emphasize rather than militate against its adverse character; it furnishes a natural basis for, and prima facie evidence of, enjoyment under a claim of right." Poliner v. Fazzino, 105 Conn. 350, 355.
The agreement clearly created substantial rights and obligations between the parties and also provided the water company with an interest in the land which could not be revoked at will by the housing authority. Pursuant to the agreement the water company installed an underground storage *Page 578 
tank at a substantial cost and agreed to provide water service to the housing project. If the revenue from the sale of water did not bring the water company an annual return of 15 percent on invested capital, the housing authority was obliged to make up the difference. Further, in order to terminate its obligations under the agreement, the housing authority had to pay to the water company a sum toward construction which would reduce the water company's investment to the point where it could get a 15 percent return on capital from the revenue received from water sales.
The nature and the character of the use here and such circumstances as the continuous maintenance of the facility by the water company would allow the trier of fact to conclude that the defendant water company's use was adverse and under a claim of right during the two-year period. A "[u]se, to give rise to a prescriptive right, need not exclude the holder of the legal title from the premises; Phillips v. Bonadies, 105 Conn. 722,728 . . .; nor need there be a claim of ownership; it is sufficient if the property is used by the possessor as his own." Horowitz v. F. E. Spencer Co., 132 Conn. 373, 376. "When land of another is used pursuant to an agreement, the owner has notice that the use is in the exercise of a claimed right and does not rest on his sufferance." Putnam, Coffin Burr, Inc. v. Halpern, 154 Conn. 507, 516.
"Whether a right of way by prescription has been acquired presents primarily a question of fact for the trier after the nature and character of the use and the surrounding circumstances have been considered." Klein v. DeRosa, 137 Conn. 586, 589. The trial court's conclusion in the present case that the use during the two-year period of the agreement was adverse and under a claim of right must stand since it is supported by the subordinate facts and *Page 579 
the logical inferences which may be drawn from those facts. Gregory's, Inc. v. Baltim, 142 Conn. 296,299; Phillips v. Bonadies, 105 Conn. 722, 727.
 There is no error.
PARSKEY, D. SHEA, and SPONZO, Js., participated in this decision.